UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, : <br> <br> Plaintiff, : <br> v. : <br> <br> JUSTIN M. SCOTT and : <br> OMID KAMSHAD : <br> <br> Defendants. : | Civil Action No. 03-12082-EFH |

## FINAL JUDGMENT AS TO DEFENDANT JUSTIN SCOTT

The Securities and Exchange Commission having filed a Complaint and Defendant Justin

Scott having entered a general appearance; consented to the Court's jurisdiction over Defendant

Scott and the subject matter of this action; consented to entry of this Final Judgment without

admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings

of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's

agents, servants, employees, attorneys, and all persons in active concert or participation with

them who receive actual notice of this Final Judgment by personal service or otherwise are

permanently restrained and enjoined from violating, directly or indirectly, Section 206(1) and (2)

of the Investment Advisers Act of 1940 (the "Advisers Act") [15 U.S.C. §80b-6(1) and (2)], by

using the mails or any means or instrumentality of interstate commerce, directly or indirectly (1)

to employ any device, scheme, or artifice to defraud any client or prospective client; or (2) to

engage in any transaction, practice, or course of business which operates as a fraud or deceit

upon any client or prospective client.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable to pay

disgorgement of $489,439, as a result of the conduct alleged in the Complaint, together with

prejudgment interest thereon in the amount of $159,475, and a civil penalty in the amount of

$400,000 pursuant to Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9 (e)], for a total of

$1,048,914. Payment of the disgorgement, prejudgment interest and civil penalty ordered herein

may be offset in an amount not to exceed $524,457 by any payments made by Defendant Scott to

the Secretary of State of the Commonwealth of Massachusetts in connection with *In the Matter*

*of Putnam Investment Management, Inc. et al.*, Docket No. E-2003-061 ("Related Action").

Defendant shall satisfy this obligation by (1) paying $200,000 by certified check, bank cashier's

check, or United States postal money order payable to the Securities and Exchange Commission,

together with proof of payment of $200,000 in connection with the Related Action, within ten

(10) business days after entry of this Final Judgment, and (2) making four payments by certified

check, bank cashier's check, or United States postal money order payable to the Securities and

Exchange Commission, each in the amount of $81,114.25 (and each with proof of payment of

$81,114.25 in connection with the Related Action) with the first of the four payments being made

within 90 days after entry of this Final Judgment; the second payment being made within 180

days after entry of this Final Judgment; the third payment being made within 270 days after entry

of this Final Judgment; and the fourth payment being made within 365 days after entry of this

Final Judgment. The payments shall be delivered or mailed to the Office of Financial

Management, Securities and Exchange Commission, Operations Center, 6432 General Green

2

Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter

identifying Justin Scott as a defendant in this action; setting forth the title and civil action number

of this action and the name of this Court; and specifying that payment is made pursuant to this

Final Judgment.  Defendant shall pay post-judgment interest on any delinquent amounts pursuant

to 28 USC § 1961.  The Commission shall remit the funds paid pursuant to this paragraph to the

United States Treasury.

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated

herein with the same force and effect as if fully set forth herein, and that Defendant shall comply

with all of the undertakings and agreements set forth therein.

### IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

### V.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _June 4_, _2007_

_____
UNITED STATES DISTRICT JUDGE

3